THOMAS, Justice.
This controversy reaches this court upon an appeal from an order quashing an amended alternative writ of mandamus by which the Comptroller of the State of Florida and the Tax Collector of Martin County had been commanded to refund to the relator, Port Sewall Realty Company, taxes in the sum of $400 levied upon a deed and a mortgage in a transaction we will now describe, or to show cause for their failure to obey.
We gather the salient facts from the allegations of the amended petition for mandamus. The relator owed one S. R. Noble, a citizen of Canada, $200,000 which was secured by a mortgage on property situated in Martin County. The mortgagor defaulted, and offered to convey to the mortgagee the security in cancellation of the debt. This offer was refused, but the mortgagee agreed to reduce the principal sum to $160,000 if the relator “could obtain a purchaser who would renew said obligation on some extended basis with the same security.”
Eventually the relator conveyed the mortgaged land to Joe L. Moore Company, an Alabama corporation, having its principal place of business in Gadsden, and this company paid to S. R. Noble $40,000, delivered to him in Montreal promissory notes evidencing the remainder of the debt, $120,000, and executed a mortgage on the property to secure the indebtedness.
The clerk, under direction of the comptroller, demanded that documentary tax stamps of the value of $160 be placed on the deed. Later Noble “caused the said renewal or extension mortgage to be tendered to the Clerk of the Circuit Court” and the clerk, under the direction of the comptroller, declined to record this document until a tax in the amount of $240 had been paid.
The relator contends that the taxes were exacted in violation of a treaty with the Dominion of Canada which was ig *307 nored by the comptroller. The circuit judge upon motion of the comptroller ordered the relator to produce a copy of the treaty and the attorney for the relator in a sworn “motion to reconsider” made the remarkable reply that “the 1942 treaty between the United States and Canada is out of print and neither the U. S. Public Printer nor the Queen’s Printer of Ottawa, Canada is able to furnish copies thereof * * *»
A reader would get the impression from the pleadings of the relator that by some treaty or other between this country and the Dominion of Canada no tax could be required on the conveyance from the relator to the Alabama corporation or the mortgage from the corporation to S. R. Noble.
When the circuit judge ruled he had before him a letter from the United States Department of State containing the statement that there was not in force a treaty between the governments of the United States and Canada affecting the power of the State of Florida to impose taxes such as are involved in this case. The so-called treaty of 1942 to which the relator referred was said in the letter probably to have been a convention relating to income taxes.
The tax on the mortgage was required by Section 199.11(3), Florida Statutes 1953, and F.S.A., and the clerk of the circuit court was inhibited, by that section from recording the instrument until the tax was paid. The tax on the deed was due under Section 201.02, Florida Statutes 1953, and F.S.A., and by the provisions of Section 201.12 the clerk would have been obligated to report to the comptroller the name and address of the person who failed to affix the stamps in the amount of the tax, and the clerk would have been subject to prosecution had he failed.
Since the relator failed to show a clear legal right to a writ of mandamus, the circuit judge ruled correctly when he quashed the original and amended alternative writs and dismissed the cause.
Affirmed.
DREW, C. J., and ROBERTS and O’CONNELL, TL, concur.